# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

FELIX G. ROMERO,

    Petitioner,

vs.                                      No. CV 18-00801 JCH/GBW

OFFICER R. MARTINEZ,
DEPARTMENT OF CORRECTIONS,
STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court *sua sponte* under Fed. R. Civ. P. 41(b) on the Petition for Writ of Habeas Corpus filed by Petitioner Felix G. Romero on August 17, 2018. (Doc. 1). The Court will dismiss the Petition without prejudice for failure to comply with a Court order and failure to prosecute.

Petitioner Romero filed his Petition on August 17, 2018 on a New Mexico state court habeas corpus form. (Doc. 1). Petitioner also filed a deficient motion for leave to proceed *in forma pauperis*. (Doc. 2). The Court issued an Order to Cure Deficiencies on August 28, 2018, directing Petitioner to file his petition in proper form and to submit a federal application to proceed under 28 U.S.C. § 1915. (Doc. 4). The Court also provided Petitioner Romero with the necessary federal forms to correct the deficiencies in his filings. (Doc. 4 at 2).

Petitioner Romero did not respond to the Court's Order to Cure Deficiencies. Instead, mailings to Petitioner Romero at his address of record were returned as undelivered. (Doc. 5). The Court then issued an Order to Show Cause on September 11, 2018, directing Romero to notify the Court of a new address, or otherwise show cause why the case should not be

dismissed, within 21 days of entry of the Order. (Doc. 6). Additional mail, including the copy of the Court's Order to Show Cause mailed to Romero's address of record, was also returned as undelivered. (Doc. 7, 8). Investigation by the Court indicates that Romero has been released and is no longer in custody. More than 21 days has elapsed since entry of the Order to Show Cause and Romero has not provided the Court with a new address, responded to the Court's Order, or otherwise shown cause why the case should not be dismissed.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman,* 632 F.2d 120, 122 (10th Cir. 1980). The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. D.N.M. LR-Civ. 83.6. Petitioner Romero has failed to comply with D.N.M. LR-Civ. 83.6 and with the Court's September 11, 2018 Order to Show Cause.

Petitioner Romero has failed to comply with the Court's order and failed to prosecute this action by not keeping the Court apprised of his current address. The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with the Court's Order and failure to prosecute this proceeding.

**IT IS THEREFORE ORDERED:**

(1) the motion for leave to proceed *in forma pauperis* filed by Petitioner Felix G. Romero (Doc. 2) is **DENIED**; and

(2) the Petition for Writ of Habeas Corpus filed by Petitioner Felix G. Romero on August 17, 2018. (Doc. 1) is **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with the Court's order and failure to prosecute.

                                                                                    _____
                                                                                    UNITED STATES DISTRICT JUDGE